**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| VICTOR GUERRERO | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:09cv737HSO-JMR |
| | § | |
| GRANITE CONSTRUCTION CO. | § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is a Motion for Summary Judgment [12-1] pursuant to

FED. R. CIV. P. 56, filed on August 13, 2010, on behalf of Defendant Granite

Construction Company ["Defendant"], in the above captioned cause.  To date Plaintiff,

Victor Guerrero ["Plaintiff"], has never responded to the instant Motion.  After due

consideration of the Motion, the record and pleadings on file, and the relevant law, it

is the opinion of the Court that Defendant has demonstrated that it is entitled to

summary judgment.

I. <u>FACTS AND PROCEDURAL HISTORY</u>

Plaintiff was employed by Defendant beginning in 2001.  Following Hurricane

Katrina, Defendant entered into a joint venture with Archer Western to rebuild the

U.S. Highway 90 Bridge in Bay St. Louis, Mississippi.  In late 2006, Plaintiff was

residing in Tampa, Florida.  He requested a transfer to Mississippi so that he could

assist with the rebuild of the Bay St. Louis Bridge.  Defendant permitted the transfer,

and Plaintiff began working on the bridge venture in December 2006.  Ex. "2" to Mot.

for Summ. J., ¶ 4.  Plaintiff subsequently requested and was granted a transfer to

serve as one of the two deck superintendents employed on this particular job.  Ex. "3"

to Mot. for Summ. J., at. 27; *see also* Ex. "2" to Mot. for Summ. J., at p. 29.   According

to Defendant, in mid- February 2007:

> one of the other deck superintendents resigned his employment and left
> the project. . . .   In addition, the project manager began to realize that
> they may not meet the next time deadline. This caused a need for
> additional employees and Marvin Dumler, along with his forty (40) man
> crew, was brought to the project from Texas. . . .   At the time he came to
> Mississippi, Marvin Dumler had been employed by Granite for fifteen
> years and he was not hired to replace Victor Guerrero. The need for
> Marvin Dumler arose because one of the other deck superintendents left
> the project and further because Granite was in danger of failing to meet
> one of the time deadlines for the project. . . .   Like most of Granite's work,
> the Bay St. Louis bridge project was temporary in nature and towards the
> middle of March, 2007, the project was back on track and a reduction in
> work force was necessary. . . .   Because of Mr. Guerrero's personal issues
> and his lack of production, Granite management determined that he was
> the next superintendent to be laid off as a reduction in work force for the
> Bay St. Louis project. Mr. Guerrero was not replaced and the work he had
> been performing was split among the remaining superintendents. . . . .
> Following the reduction in workforce at the Mississippi project, Mr.
> Guerrero was offered the opportunity to transfer to other Granite
> locations where they had a need for superintendents; however, he only
> wanted to go to Texas.

Def.'s Mem. in Support of Mot. for Summ. J. at pp, 3-5.

Plaintiff filed his Complaint on September 21, 2009, in the Circuit Court of

Harrison County, First Judicial District.   Defendant removed the case to this Court on

October 26, 2009, invoking federal question jurisdiction.   Plaintiff's Complaint asserts

claims for unlawful employment practices based on race/ethnicity and/or national

origin.   Specifically, Plaintiff alleges that Defendant wrongfully terminated him on the

basis of his race, and that Defendant retaliated against him for complaining about the

treatment of Hispanic workers, all in violation of 42 U.S.C. §1981.   Plaintiff also

advances a claim under state law for negligent infliction of emotional distress.

In its Motion, Defendant contends that Plaintiff is unable to establish, as a matter of law, a *prima facie* case to sustain his claims.   Plaintiff's Response to the Motion was due on or before August 30, 2010.  On December 8, 2010, the Court entered a Text Only Order directing Plaintiff to file any Response on or before December 13, 2010, failing which the Court would proceed with preparation of a ruling on the merits. To date, Plaintiff has never responded.[1]

## II. DISCUSSION

A.    Applicable Legal Standard

Federal Rule of Civil Procedure 56(c) states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56.  The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material.  *Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999).   With regard to "materiality," only those disputes of fact that might affect the outcome of the lawsuit

---

[1] While counsel for Plaintiff telephoned chambers to report a computer problem on December 14, 2010, there has been no further communication or filing to date.

under the governing substantive law will preclude summary judgment.  *Id.* (*citing Phillips Oil Company v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987)).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial."  *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, the opposing party must present significant probative evidence, since there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  *Booth*, 75 F. Supp. 2d at 543.   If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The non-movant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.  *Booth,* 75 F. Supp. 2d at 543.

B.     Plaintiff's Discrimination Claim

Title VII makes it "an unlawful employment practice for an employer to fail or refuse to hire or to discharge . . . . or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin."  42 U.S.C. § 2000e-2(a)(1).   A claim of intentional discrimination can be proved through either direct or circumstantial evidence.  *Russell v. McKinney Hosp. Venture*, 235 F.3d 219,

- 4 -

222 (5th Cir. 2000).  Where the record is devoid of direct evidence of discrimination, the plaintiff must rely on circumstantial evidence to carry his or her burden.  *Id*.  In establishing causation through circumstantial evidence, the tripartite burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies.  *Portis v. First Nat'l Bank,* 34 F.3d 325, 328 (5th Cir. 1994)("Because direct evidence is rare, a plaintiff ordinarily uses circumstantial evidence to meet the test set out in *McDonnell Douglas,* [which] establishes a prima facie case by inference.").

   *1.  Plaintiff's Prima Facie Case*

   Under the *McDonnell Douglas* framework, the plaintiff carries the initial burden of establishing a *prima facie* case of discrimination based on race or national origin.  *McDonnell Douglas Corp.,* 411 U.S. at 802.  In so doing, a plaintiff must demonstrate that he or she (1) suffered an adverse employment action; (2) was qualified for the position; (3) was within the protected class at the time of the decision; and, (4) that the person selected was not within the protected class.  *Rios v. Rossotti,* 252 F.3d 375, 378 (5th Cir. 2001); *Eaves v. K-Mart Corp.*, 193 F. Supp. 2d 887, 893 (S.D. Miss. 2001).

   Defendant argues that Plaintiff has failed to establish the fourth element of a *prima facie* case, because "there were two deck superintendents on the project when Mr. Guerrero started the job, two throughout his time in this position, but only one after Guerrero was laid off due to a reduction in work force."  Mem. in Support of Mot. for Summ. J. at p. 8.

- 5 -

By definition, a reduction-in-force ["RIF"] occurs "when business considerations cause an employer to eliminate *one* or more positions within a company." *Brocklehurst v. PPG Industries, Inc.*, 123 F.3d 890, 895 (6th Cir. 1997)(emphasis added); *see also Bellaver v. Quanex Corp.*, 200 F.3d 485, 495 (7th Cir. 2000) (finding a "mini-RIF" occurs when only one employee is discharged).

Where the employee's position has been eliminated through a RIF, a plaintiff must demonstrate:  (1) membership in the protected class; (2) an adverse employment action; (3) qualifications to assume another position available at the time of the discharge or demotion; and (4) direct or circumstantial evidence tending to indicate that the employer intended to discriminate in reaching its decision.  *Woodhouse v. Magnolia Hosp.*, 92 F.3d 248, 252 (5th Cir. 1996)*; see Nichols v. Loral Vought Sys. Corp.,* 81 F.3d 38, 41 (5th Cir. 1996); *Amburgey v. Corhart Refractories Corp., Inc.* 936 F.2d 805, 812 (5th Cir. 1991).

Mere allegations and subjective beliefs void of any evidentiary support are insufficient to create an inference of discriminatory intent.  *Roberson v. Alltel Info. Services*, 373 F.3d 647, 654 (5th Cir. 2004); *Armendarix v. Pinkerton Tobacco Co.*, 58 F.3d 144, 150 (5th Cir. 1995).  In the case *sub judice*, Plaintiff has offered no evidence either by way of a response, or otherwise, to satisfy his burden in this regard.

*2.  Pretext*

While the Court concludes that Plaintiff has failed to offer evidence to satisfy his initial burden, assuming *arguendo* that he could establish a *prima facie* case of

- 6 -

discrimination, the burden of production shifts to Defendant to rebut the presumption of discrimination by articulating–not proving–a legitimate, nondiscriminatory reason for the adverse employment action. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000). An employer meets its burden of production by proffering admissible evidence of an explanation that would be legally sufficient to justify a judgment for the employer. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507 (1993); *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993); *Guthrie v. Tifco Indus.*, 941 F.2d 374, 376 (5th Cir. 1991). Based upon the record and the evidence before this Court, it is readily apparent that the Bay St. Louis Bridge project was temporary in nature and, therefore, a reduction in the work force was a legitimate, nondiscriminatory reason for the adverse employment action which occurred in this case.

Once an employer articulates a legitimate, nondiscriminatory reason for its action, the burden shifts to the plaintiff to produce sufficient admissible evidence demonstrating "(1) (the) employer's reason is pretext, or (2) (the) employer's reason, while true, is only one reason for its conduct, and another motivating factor is [the] employee's protected characteristic." *Burrell v. Dr. Pepper / Seven Up Bottling Group, Inc.*, 482 F.3d 408, 412 (5th Cir. 2007); *Purcell v. Sequin State Bank and Trust Co.*, 999 F.2d 950, 957 (5th Cir. 1993). In situations where an employer's reasons are "unpersuasive, or even obviously contrived," the plaintiff must nevertheless prove that

the proffered reasons were but a pretext for discrimination. *St. Mary's Honor Center,* 509 U.S. at 523.

Ultimately, in determining whether the case is one of intentional discrimination, "a court should consider 'the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case." *Crawford v. Formosa Plastics Corp., Louisiana*, 234 F.3d 899, 902 (5th Cir. 2000)(*quoting Reeves*, 53 U.S. at 148-49).   Although intermediate evidentiary burdens shift back and forth under the framework, "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Reeves*, 530 U.S. at 143.

As to the deckhand superintendent position, there is no dispute that the bridge reconstruction project was temporary in nature.  Nor is there any dispute that, while there were initially two deckhand positions, as the project neared completion, Defendant terminated Plaintiff due to a reduction-in-force, and made no additional hires.  Plaintiff's discrimination claim cannot withstand summary judgment based on the record.

C.      Plaintiff's Retaliation Claim

Title VII prohibits "retaliation by employers against employees who have filed a charge of discrimination." *Bryant v. Compass Group U.S.A., Inc.*, 413 F.3d 471, 475

(5th Cir. 2005); *see also* 42 U.S.C. § 2000e-3(a).   The anti-retaliation provision of Title

VII states that:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

To survive a motion for summary judgment on a retaliation claim, a plaintiff

must prove, by a preponderance of the evidence, that 1) the engaged in activity was

protected by Title VII; 2) an adverse employment action occurred; and 3) a causal

connection existed between the protected activity and the adverse employment action.

*Evans v. City of Houston*, 246 F.3d 344, 352 (5th Cir. 2001).   Once a plaintiff

establishes a *prima facie* case, the same *McDonnell Douglas* burden-shifting

framework employed in discrimination cases controls.  *Hernandez v. Crawford Bldg.*

*Material Co.,* 321 F.3d 528, 531 (5th Cir. 2003); *see Sherrod v. American Airlines, Inc.*,

132 F.3d 1112, 1122 (5th Cir. 1998).   In essence, a plaintiff must present sufficient

evidence to show that the adverse action would not have occurred "but for" the

protected conduct.  *Strong v. University HealthCare System, LLC*, 482 F.3d 802, 806

(5th Cir. 2007).

In his Complaint, Plaintiff asserts that Defendant retaliated against him for "complaining about the treatment of Hispanic workers generally and for opposing employment practices which the Plaintiff believed to be unlawful." Compl. ¶ 33.

Defendant contends that

it is clear and undisputed that Mr. Guerrero did not make a charge, testify, assist or participate in an investigation or proceeding under Title VII. He has in fact admitted that his claims of discrimination were never lodged and a complaint with the EEOC not filed until after he was laid off by the company.

Mot. for Summ. J. at p. 10.

Plaintiff has submitted no evidence as to the date he filed his EEOC charge, or which would otherwise support his *prima facie* case of retaliation. It is undisputed that the filing of an EEOC complaint is protected activity within the purview of Title VII, and it is equally undisputed that Plaintiff later suffered an adverse employment action when he was terminated by Defendant. However, to carry his ultimate burden, Plaintiff must discredit Defendant's nondiscriminatory reasons for discharging him by proving, by a preponderance of the evidence, that "the adverse employment action. . . . *would not have occurred 'but for' [the] protected conduct*." *Strong*, 482 F.3d at 806 (5th Cir. 2007)(*citing Septimus v. Univ. of Houston*, 399 F.3d 601, 608 (5th Cir. 2005))(emphasis added). The record before this Court contains insufficient evidence to demonstrate the requisite causal link between the two events, or to otherwise support the proposition that Plaintiff's termination would not have happened "but for" his "complaining" to Defendant about treatment of Hispanic workers.

D.    Plaintiff's Negligent Infliction of Emotional Distress Claim

Because this case also falls within the realm of diversity jurisdiction, the Court

must apply state substantive law to evaluate Plaintiff's state law claim. *Erie R. Co.*

*v. Tompkins*, 304 U.S. 64, 79-80 (1938); *Krieser v. Hobbs*, 166 F.3d 736, 739 (5th Cir.

1999).

> The core of what has become known as the 'Erie Doctrine' is that the
> substantive law to be applied by a federal court in any case before it is
> state law, except when the matter before the court is governed by the
> United States Constitution, an Act of Congress, a treaty, international
> law, the domestic law of another country, or in special circumstances, by
> federal common law.

*Hanley v. Forester*, 903 F.2d 1030, 1032 (5th Cir. 1990).

In this case, the record is devoid of any evidence pertaining to Plaintiff's

recoverable physical injuries.  Even if Plaintiff had proffered evidence of willful

conduct, "Mississippi law does not allow a recovery for mental and emotional distress

without evidence of any physical injury." *Franklin Collection Service, Inc. v. Kyle*, 955

So. 2d 284, 290 (Miss. 2007).  Based on the present record, Plaintiff's claim for

negligent infliction of emotional distress cannot survive summary judgment.

## III. CONCLUSION

Viewing the evidence in the light most favorable to Plaintiff, he is not able to

satisfy his burden of establishing a *prima facie* case of either discrimination on the

basis of national origin, or retaliation.  There is insufficient evidence to establish

genuine issues of material fact as to Plaintiff's discrimination and retaliation claims.

No reasonable jury could conclude that Defendant acted with discriminatory intent

based upon the *McDonnell Douglas* analysis. The summary judgment evidence before the Court further shows that Plaintiff has provided no evidence creating a genuine issue of material fact on his state law claim for negligent infliction of emotional distress. Defendant is therefore entitled to judgment as a matter of law.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion [12-1] for Summary Judgment pursuant to FED. R. CIV. P. 56, filed on behalf of Defendant Granite Construction Company, should be and hereby is **GRANTED.**

**SO ORDERED AND ADJUDGED**, this the 7th day of January, 2011.


*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

- 12 -